[Crim. No. 1586. First Appellate District, Division One.—July 11, 1930.]

THE PEOPLE, Respondent, v. WALTER ZWICK, Appellant.

Jerome F. MacDonald for Appellant.

U. S. Webb, Attorney-General and W. R. Augustine, Deputy Attorney-General, for Respondent.

THE COURT.—Appellant was convicted of the crime of rape. He has appealed from the judgment and an order denying a motion for a new trial on the issue of insanity. Appellant upon his arraignment entered but one plea, namely, not guilty by reason of insanity.

As grounds for his appeal it is contended that the verdict was contrary to the evidence, that the trial court erred in the rulings upon the question of the admissibility of certain testimony and that appellant was deprived of a fair trial.

Physicians who examined appellant testified that there was a defect in his mental capacity, but that he was not insane, and other witnesses testified to his low order of mentality. While the jury might have inferred from all the testimony that he was insane, this was not their conclusion and their verdict is sufficiently supported.

The court admitted evidence of appellant's conduct at the time of the commission of the offense, including the testimony of the complaining witness. This is assigned as error.

The circumstances of the affair which we will not here describe tended to support the plea of insanity and evidence thereof was not prejudicial to appellant. Moreover, it was competent and relevant upon this issue (*People* v. *Donlan,* 135 Cal. 489 [67 Pac. 761]; *People* v. *Fallon,* 149 Cal. 287 [86 Pac. 689]; *People* v. *Harris,* 169 Cal. 53 [145 Pac. 520], and its admission was not contrary to the decision in *People* v. *Troche,* 206 Cal. 35 [273 Pac. 767]).

Section 1027 of the Penal Code provides that when a defendant pleads not guilty by reason of insanity, alienists shall be appointed by the court and that any party to any criminal action may produce other expert evidence as to the sanity of the defendant, and, further, that "any alienist appointed by the court or called by either party shall be subject to all legal objections as to competency and bias and as to qualification as an expert." In the present case two alienists were appointed by the court pursuant to the above section, but no expert evidence was offered by appellant. The latter claims that one of these witnesses was shown to be biased and that consequently he was deprived of a fair trial as tested by the above section. The witness in the course of his cross-examination used the word "bias" in connection with the statement that he did not believe that appellant, as claimed by some of the witnesses, was of the belief that a certain holiday fell in the middle of the year. It was evident from his testimony that the witness harbored no prejudice against appellant and was not biased, but that the word was used by him in the sense that

he could not give credence in this particular to the testimony of appellant's witnesses.

After a review of all the testimony, we are convinced that the findings of the jury are fully supported, that appellant had a fair trial and that no error is shown which would warrant a reversal of the judgment or the order denying a new trial.

The judgment and order appealed from are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 7, 1930.