State vs. Johnson.

---

No. 12,629.

STATE OF LOUISIANA VS. AARON JOHNSON.

When the accused does not choose to testify it is not error on the part of the judge to charge the jury that he is not bound to testify, and that his not having testified must not be construed against him.

The admonition by the judge to the jury was not a comment on the fact.

It was a compliance with the language of the statute, and, although not requested by the accused, it was not reversible error to instruct them not to interpret his silence against himself.

A PPEAL from the Eighteenth Judicial District Court for the Parish of Terrebonne.  *Caillouet, J.*

*M. J. Cunningham*, Attorney General, and *L. C. Moise*, District Attorney (*P. A. Simmons, Jr.;* of Counsel), for Plaintiff, Appellee.

*Beattie & Beattie* for Defendant, Appellant.

Submitted on briefs December 4, 1897.
Opinion handed down February 7, 1898.

The opinion of the court was delivered by

BREAUX, J.   The accused was charged with larceny. He was convicted and sentenced to hard labor.

He prosecutes this appeal and complains of the charge of the judge to the jury, in which he instructed them that while under the statute the accused was permitted to testify, yet it did not require him to testify; and if he did not, that fact was not to be taken against him.

His counsel in his behalf urged that it was error on the part of the judge to allude at all to the matter, as it tended to injure the cause of his client.   Counsel does not contend that the trial judge stated that his not having testified was to be taken in any manner against the accused, but on the contrary he admitted that the trial judge's statement was absolutely fair and correct as to what happened on the trial.

We are referred by counsel for the defendant to the case of State vs. Carr, 25 An. 408.

The judge in the cited case, *supra*, had been requested to charge " that the fact that defendant had offered no evidence is in no way to be taken as an admission of guilt." The judge refused to thus charge, and instead instructed the jury " that all circumstances against the prisoner within his power to explain, which he refuses to do, are to be taken and weighed by the jury as circumstances against the prisoner."

On appeal, this was held: Error, and the judgment was reversed

for the reason that it might have prompted the jury to conceive that defendant, by not offering any evidence, had admitted his guilt.

The accused here sought to apply the rule just announced to his own case, and urged, as we take it, that, as in the cited case, he was warranted in depending on the deficiency of the proof offered by the State, and could without prejudice to his cause decline to avail himself of the right to testify in his own case.

We do not detect that the charge, as given in the case before us for decision, trenched upon the presumption of innocence which exists in favor of an accused. If, in the cited case, the requested charge had been given as part of the original charge, the accused would have had no right to a reversal on the ground that the court had called attention to the fact that the defendant had offered no evidence; if followed, as it should have been in the District Court, with the instruction that this was not to be "taken as an admission of guilt;" that it was his right to rely upon insufficiency of proof.

For the reason that would have sustained the reversed judgment in the case cited above, in the case here the presumption of innocence was safeguarded by the instruction given.

Counsel for defendant cites Wilson vs. United States, 149 U. S. 60; Austin vs. People, 102 Illinois, 261–264, and State vs. Cameron, 40 Vermont, 556.

In each of these cases the indiscreet remarks of the prosecuting officer, while addressing the jury, gave rise to the question involved. The prosecuting officer had commented upon the fact that the accused did not testify. In each case the trial judge had permitted counsel to proceed with the comment, and the court had failed to stop counsel.

From the first cited case immediately, *supra*, we quote: "This view of the effect of objections taken to the cause of the District Attorney, and to the failure of the court to properly condemn it, renders unnecessary to consider any other alleged errors. This quotation serves as a correct reference to the similar point decided in each case; all growing out of the indiscreet remarks of the prosecuting officer, not stopped as he should have been. Here a different question arises. The trial judge, in obedience to the statute, instructed the jury that the silence of an accused, who has the right to testify, if he chooses to, is to have no effect.

We are, in considering the objection to the charge, impressed by

the fact that it is made the duty of the court to give to the jury a knowledge of the law applicable to the case.

The last proviso of the statute, No. 29 of 1886, declaring who are competent witnesses in criminal proceedings reads: "That his failure to testify shall not be construed for or against him, but all testimony shall be weighed and considered according to the general rules of evidence, and the judge shall so charge the jury."

In giving the jury the instruction he did, he obeyed the letter of the law.

Ingenious counsel for the accused in the brief state: That no judge would presume to comment upon the fact that a witness had not been called by the accused, and that even if the other evidence in the case plainly showed that a certain person knew all about the matter, still if the accused failed, or refused to place the person on the stand the judge could not legally call the attention of the jury to the fact; that he would not be allowed to say "there seems to have been a witness who knew all about this matter—he could have been produced by the accused—indeed, the accused was the only one who could have made him a witness—no one else could have done so; but, gentlemen of the jury, that fact must not be construed against the accused—he was not bound to do so."

The affirmative statement of the court as put by counsel in argument is so pronounced and so directly bears on the case of an accused for not producing a witness that it renders of no effect all subsequent admonition of the court.

Here the case is different. It was not assumed that a certain person knew all about the facts. On the contrary, the court informed the jury in substance that the statute protected the accused if he chose not to testify, and the instruction was given entirely with the view of protecting the accused.

There are accused persons, without self-command, timid, easily agitated, against whom there is circumstantial evidence difficult, even by himself, to explain, who may well be advised not to testify; others for other reasons may deem it desirable to remain silent.

As to these and all other accused who do not testify in their own defence, surely the court may give the instruction as given in this case. In our judgment the statute was intended, in aid of justice. If it should appear, that by the manner of its execution or the effect

it had on the case, it was an instrument of oppression, it would then become necessary to interpose judicial authority.

The case before us presents no such issue. The accused remained silent, and the judge informed the jury that the privilege of silence should not occasion question or suspicion of any kind. We would not be justified in assuming that the jury took a contrary view, and upon his silence found him guilty, despite the instruction of the court.

There is no evidence before us that the statute was applied in a manner harsh and unjust, or that such was its effect before the jury.

The proviso of the statute complained of is *germane* to its purpose and covered by the title.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed.