THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALBERT G. SHARKEY, PLAINTIFF IN ERROR.

Submitted March 23, 1906—Decided June 11, 1906.

1. When no objection has been made to an indictment before the jury is sworn as provided by section 44 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 881), the statute is a bar against any attack upon the indictment in a court of review.

2. Upon the trial of an indictment for bigamy there was offered in evidence by the state to prove the former marriage by the defendant the record of a divorce suit brought by the prosecuting witness against the defendant in the State of New York. The divorce suit being a civil one, the adjudication was not admissible in evidence in a criminal case, where the proof is required beyond a reasonable doubt, and the admission of the judgment was error.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON and HENDRICKSON.

For the plaintiff in error, *Joseph M. Noonan.*

For the defendant in error, *William H. Speer,* prosecutor of the pleas.

The opinion of the court was delivered by

HENDRICKSON, J. The defendant was convicted in the Hudson Quarter Sessions of bigamy. The case comes up under section 136 of the Criminal Procedure act.

The first contention on behalf of plaintiff in error is that there should be a reversal because the indictment fails to negative the exceptions in the statute defining bigamy. This objection cannot be considered on error. The forty-fourth section of the Criminal Procedure act provides that "every objection to any indictment for any defect of form or substance, apparent on the face thereof, shall be taken by de-

murrer, or motion to quash such indictment, before the jury shall be sworn, and not afterward." No objection was made to the form of the indictment at the trial. The statute is a bar against any attack upon the indictment in a court of review. *Mead* v. *State, 24 Vroom* 601.

For the purpose of proving the bigamy, the state produced and offered in evidence the record of a judgment in a divorce suit brought in New York by the prosecuting witness, Mabel Sharkey. It appeared from the judgment that the divorce was granted on the ground that, at the time of the marriage between the parties, the defendant, Albert G. Sharkey, had another wife living, one Lulu E. Stone. The judgment was objected to as being incompetent, and we think should have been excluded. In criminal proceedings the burden rests upon the state to prove the criminal act beyond a reasonable doubt. In civil cases the plaintiff succeeds upon proving his case by a preponderance of the evidence. It was for this reason that the Supreme Court of Vermont, in *Riker* v. *Hooper, 35 Vt.* 457, declared that a judgment, in a civil action, recovered against the defendant in a criminal suit, was not admissible, even as *prima facie* evidence of the existence of the facts adjudicated by it, the court saying: "To hold this would be to require the defendant to establish, by proof on his own side, the non-existence of a material fact, before that fact had been established on the other side by the requisite legal proof, viz., proof beyond a reasonable doubt." This case was cited with approval by the Court of Errors and Appeals in *Putnam* v. *Clark,* 7 *Stew. Eq.* 532.

The conviction should be set aside for this reason, and therefore the other grounds for reversal need not be considered.