THE STATE, DEFENDANT IN ERROR, v. SING LEE, PLAINT-
IFF IN ERROR.

Submitted December 8. 1919—Decided April 9, 1920.

1. Where a count in an indictment alleged that the defendant
   carnally abused the prosecutrix on the 10th day of June was
   amended, by order of the court, by substituting for that date the
   dates of June 1st and 3d—*Held*, that the amendment, in effect,
   altered the indictment, in substance, by charging the defendant
   with the commission of two separate crimes of like character, in
   a single count, whereas the indictment was predicated by the
   grand jury upon the commission of a single offence only.
2. *Held, also*, that the amendment substituted two offences for one
   which, in effect, was equivalent to adding a count to the indict-
   ment, an offence not presented against the defendant by the grand
   inquest, and, hence, the amendment was a violation of the defend-
   ant's constitutional right to be tried for no other offence than the
   one of which he stood indicted.
3. The crime of carnal abuse bears no analogy to that class of
   offences which in their nature are continuous, such as public
   nuisances, and the like, where dates other than those set out in
   the indictment, on which the offences are charged to have been
   committed, may be proven, so long as such dates relate to offences
   committed within two years of the finding of the indictment.

On error to the Supreme Court.

For the plaintiff in error, *Abner Kalisch* and *Isidor Kalisch*.

For the state, *J. Henry Harrison,* prosecutor of the pleas,
and *John A. Bernhard,* assistant prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was convicted in the Essex County
Quarter Sessions of abuse. On a strict writ of error sued out
of the Supreme Court that tribunal affirmed the conviction
and the judgment rendered thereon. The record is now before
us for review.

The indictment on which the conviction and judgment are founded contained two counts. The first count charged that the defendant did on the 10th day of June, 1918, commit an assault and battery upon Jane McDonough. This count was eliminated by the trial judge from the jury's consideration, thereby leaving for its determination only the second count which originally charged that on the 10th day of June, 1918, the defendant "did unlawfully and carnally abuse the said Jane," &c.

After the state had practically closed its case reserving the right to call a physician, counsel of the state recalled the prosecutrix and upon her further examination moved to amend the indictment so as to charge the offence to have been committed on June 1st and June 3d, instead of June 10th. This was duly objected to by counsel of defendant. A colloquy between court and counsel ensued, and only such parts of the colloquy as tend to illustrate the legal question mooted are here set forth:

"The Court—The indictment now relates to the 1st and 10th. You desire to amend this indictment so as to show the alleged offence to have been the 1st and 3d?

"Mr. Bernhard—Yes, sir. A continuous offence.

"Mr. Kalisch—I object to that; that is not the indictment found by the grand jury.

"The Court—Being of the opinion that this amendment is proper under the circumstances, and counsel for defendant waiving his claim to surprise, therefore, Mr. Kalisch desires no further time to prepare his case. Therefore, that being so, your motion is overruled and you may have an exception.

"Mr. Kalisch—The record shows that amendment was made after the state had closed its case and after a motion was made for dismissal.

"The Court—And also after the court had reopened the case, recalling the complaining witness for further examination. I understand it now that the offence is charged to have been committed on the first and third of June?

"Mr. Bernhard—Yes, sir."

It is quite obvious that the trial judge allowed the amendment applied for upon the fallacious conception that the offence was a continuing one. It is equally clear that the offence charged in the present case bears no analogy to that class of offences which in their nature are continuous, such as disorderly houses, public nuisances, open and notorious lewdness, &c., and in which instances any number of days, within two years of the finding of the indictment, may be alleged on which the offence was committed. But no such case is before us.

The effect of the judicial action of the trial judge was to amend the indictment so as to include within the scope of its second count an allegation of the commission of offence by the defendant, of which he was not indicted by the grand jury.

At common law an indictment could not be amended by the court without the concurrence of the grand inquest by whom it was presented. The underlying reason for this is that an indictment being a finding of a grand jury upon oath it cannot be amended without its consent. And the power to amend was confined strictly to matters of form only. 1 *Chit. Crim. L.* 244. This learned author, at same page, says: "That it is the common practice for the grand jury to consent at the time they are sworn, that the court shall amend matters, altering no matters of substance; and mere informalities may, therefore, be amended by the court before the commencement of the trial."

This practice has been continued down to the present time with this change, that instead of obtaining the consent of the grand jury at the time of its being sworn, to amend matters of form, the consent of the grand jury for that purpose is obtained when that body comes into open court to present the indictments found, and the clerk of the court makes this statement: "These bills you find as true bills, and are content that the court amend them in form and false English, not altering the substance of the same."

The several sections of the Criminal Procedure act, under the caption "Indictments and Proceedings Thereon" (2 *Comp.*

*Stat., p.* 1830, &c.), deal with the topic under discussion and are to the same effect.

In view of the constitutional declaration that "no person shall be held to answer for a criminal offence, unless on the presentment or indictment of a grand jury," it is manifest that any statute tending to abridge this constitutional safeguard would be nugatory.

An instructive case which is germane to the subject in hand is *State* v. *Ham,* 72 *N. J. L.* 4, where it was held that in an indictment for the illegal sale of intoxicating liquor, the place of sale is a material incident of the crime charged; and that an amendment of the indictment by substituting therein another place for that named by the grand jury, is not warranted by the provisions of section 34 of the Criminal Procedure act. The learned Chief Justice, speaking for the Supreme Court (at *p.* 6), pithily remarks: "The place of sale set out in the indictment is therefore of the essence of the crime. To permit an amendment by substituting another place for that specified by the grand jury is to permit the substitution of another offence." This was an accurate statement and application of the legal principle governing the situation there. The vice of the amendment lay in the substitution of another offence for the one found by the grand jury. And, so, in the case *sub judice* the grave fault committed was to allow an amendment which in effect altered the indictment, in substance, by substituting for the date of June 10th, the day alleged therein on which the crime was committed, the dates of June 1st and 3d, thereby charging the defendant with the commission of two separate crimes of like character, in a single count, whereas the indictment of the grand jury was predicated only upon the commission of a single offence. The error in permitting such amendment is too glaring to justify any further comment.

For it is patent that the amendment was a substitution of two offences for one which in effect was equivalent to adding a count to the indictment, and, hence, was prejudicial to the defendant's defence upon the merits of the case.

The vital and fundamental question was not, as the Supreme Court seems to have thought, whether the defendant was in a position to avoid the conviction, even if there was duplicity in the indictment, he not having taken advantage of such defect by demurrer or by motion to quash or by motion that the prosecution elect between the offences, but was, and is, as to the legal propriety of the court to allow an améndment which in effect subjected the defendant to answer for a crime of which he was not indicted and with which he was not even charged until the state's case was practically closed, and which question we think is properly raised by an exception.

Moreover, it appears that the methods pointed out in the opinion of the Supreme Court, as required to be adopted by the defendant, in order to question the propriety of the allowance of the defendant, were not open to the defendant, for what occurred was in the midst of the trial.

Section 44 of the Criminal Procedure act (2 *Comp. Stat., p.* 1834) provides: "Every objection to any indictment, for any defect of form or substance apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards.

"If no objection has been made to an indictment, before the trial jury is sworn, the indictment cannot be questioned upon a motion in arrest of judgment." *Mead* v. *State,* 53 *N. J. L.* 601.

It is well settled in this state that where no objection has been made to an indictment before the jury is sworn, as provided by the section above cited, the statute is a bar against any attack upon the indictment in a court of review. *State* v. *Sharkey,* 73 *N. J. L.* 491; *Shuster* v. *State,* 62 *Id.* 521; *Noyes* v. *State,* 41 *Id.* 418; *Moschell* v. *State,* 53 *Id.* 498.

Nor was the defendant obligated to move that the prosecution elect between the offences, one of which was found by the grand jury and the other disclosed by the testimony, because the defendant was entitled to stand upon his constitutional right to be tried for no other offence than the one of which he stood indicted.

. It appears that the jury rendered a verdict in this form: "That they find the said defendant, Sing Lee, guilty of abuse."

The Supreme Court appears to have assumed that because the defendant was charged with unlawfully and carnally abusing the prosecutrix, that the jury meant to find the defendant guilty of that offence.

As the judgment in this case must be reversed for the error in allowing the indictment to be amended in the respect above discussed, we find it unnecessary to render any opinion on the soundness of the view expressed by the Supreme Court relating to the sufficiency of the verdict, in law, to support a valid judgment, and our refraining to do so is not to be considered as an acquiescence in that view.

The judgment is reversed.

*For affirmance*—BLACK, WILLIAMS, JJ.   2.

*For reversal*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, ACKERSON, JJ.   10.