(101 South. 124)

No. 26571.

## STATE v. BERGER.

(June 27, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ☞91(2)—**Indictment must set forth that act was done with felonious intent, if crime is defined as felonious doing of certain act.**

When only definition of crime is that of common law, and at common law that crime is "felonious" doing of a certain act, then indictment must set forth that act was done with felonious intent.

2. **Indictment and information** ☞88—**Intent must be charged, if contained in definition in statute.**

Where statute declares that doing of act with special intent shall be crime, then indictment must charge, not only act, but intent; but intent need not be charged, where statute only declares that doing of act shall be offense.

3. **Indictment and information** ☞91(2), 110(6)—**Indictment following words of statute held sufficient, without charging intent.**

Indictment for carnal knowledge, under Act No. 192 of 1912, was sufficient, where it followed the words of statute, but did not charge act was committed with felonious intent, though a felony.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

E. A. Berger was convicted of carnal knowledge, and appeals. Affirmed.

W. Pike Hall, Jr., of Shreveport, for appellant.

A. V. Coco, Atty. Gen., and L. C. Blanchard, Dist. Atty., of Shreveport (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. The appellant was convicted of carnal knowledge, under Act 192 of 1912, p. 380.

The transcript contains four bills of ex-
156 LA.—24

ception, which are frivolous on their face and are not mentioned in appellant's brief. They require no further notice.

In this court appellant files an assignment of error, under which he urges that the indictment found against him is fatally defective, in that, although the statute makes the offense *a felony*, yet the indictment fails to charge that the offense was committed *feloniously*, or "with felonious intent."

But the indictment charges the offense in the words of the statute.

I.

Now, it is clear that an indictment which charges no offense is simply not an indictment at all, and the only way to tell whether an indictment charges an offense is to see whether the act charged actually constitutes an offense.

But, if the act charged does not come within the definition of a crime, then said act does not constitute a crime.

When, therefore, an act is made a crime, whether at common law or by statute, only when done *feloniously* or "with felonious intent," then an indictment which charges that such act was committed, but fails to set forth that it was committed *feloniously*, or "with felonious intent," simply *does not charge a crime.*

[1] Therefore, when the only definition of a crime is that of the common law, and at common law that crime is defined as the *felonious* doing of a certain act, then an indictment (in order to charge such crime as defined at common law) must set forth that the act was done with felonious intent; otherwise, it simply charges *an act*, but not a crime.

[2] Again, where a statute declares that the doing of an act with some special intent (as with intent to escape, or to cheat, etc.) shall be a crime, then the indictment must charge, not only the act, but *also the intent*, or it fails to charge an offense.

But where a statute declares simply that the doing of an act shall be an offense, without requiring that it be done with some special intent then an indictment which charges merely the doing of that act, *does charge an offense*, even though it fails to charge some special intent. Hence it always suffices that the indictment should follow *the words of the statute;* for—

.It is well settled that it is not essential to the validity of an indictment that it shall charge that the party accused committed the crime *feloniously,* unless the statute in terms denounces the offense only when committed feloniously, or unless the offense is a common-law crime, for which the statute has imposed a penalty by naming the crime, without defining it. State v. Gulizo, 149 La. 1091, 90 South. 415, citing numerous cases.

### II.

[3] Since the indictment herein follows the words of the statute, it suffices to charge the crime denounced by the statute.

Nor does it make any difference whatever that the statute, after fully defining the crime, should also have declared such crime *a felony.* The essence of a crime is in the definition thereof, not in the name given it.

In United States v. Staats, 8 How. 41, 12 L. Ed. 979 (affirmed in Bannon v. United States, 156 U. S. 464, 15 Sup. Ct. 467, 39 L. Ed. 495), the defendant was indicted under an act of Congress declaring that, if any person should transmit to any officer of the government any writing in support of any claim, with intent to defraud the United States, knowing the same to be forged, such person should be adjudged guilty of *a felony* (which is the same as declaring the act a felony), it was held to be sufficient that the indictment charged the act to have been committed with intent to defraud the United States, *without also charging that it had been done feloniously, or with felonious intent.*

This seems to be in accord with the weight of authority as we find it stated in 31 Corpus Juris, p. 699 (note 14). The case of State v. Dixon, 247 Mo. 668, 153 S. W. 1022, is not in accord with such weight of authority, and we do not think it sound in principle.

### Decree.

The judgment appealed from is therefore affirmed.