THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MORRIS E. COHEN, PLAINTIFF IN ERROR.

Argued May 5, 1931—Decided December 10, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff in error, *John C. Reed.*

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ of error in this case brings up for review the conviction of the defendant had upon the trial of an indictment presented against him by the grand jury of Atlantic county. The indictment contained three counts, the second of which was abandoned by the state when the trial of the case was moved. The first count charged the defendant with committing an assault and battery upon one Adele Holland. The third count charged that the defendant did, with malicious intent, in private, commit an act of lewdness and carnal indecency with the said Adele Holland, which was grossly scandalous and which tended to debauch the morals and manners of the people, in that he did at the time and place stated in the count expose his private parts to the said Adele Holland. The result of the trial was the conviction of the defendant upon each of these counts.

The proofs submitted on the part of the state showed that Mrs. Holland went to the office of the defendant, who was a dentist practicing in Atlantic City, for the purpose of having some of her teeth extracted and certain bridge work done; that she visited his office on several occasions for that purpose; that on one of these occasions, after having had some of her teeth extracted, she left the office and went into the waiting room, and that as she was putting on her hat and coat there, the defendant came into the room, grabbed hold of her, pushed her back into the office, and then started to lift up her dress; that at this time he indecently exposed his person; that she told him to let her alone, and that he replied that he would smack her in the mouth if she did not keep quiet; that he then pushed her over to another room,

where there was a little cot near the door, but that he suddenly let go of her and ran out of the office, there being people in the waiting room, who might perhaps have heard the noise. This testimony was denied by the defendant, but the jury evidently believed it, as their verdict finding him guilty on the first count indicates.

The first ground upon which the plaintiff in error seeks a reversal is that count No. 1, as he alleges, does not properly charge a crime denounced by the laws of New Jersey. Just what counsel means by this assertion it is somewhat difficult to understand, in view of the fact that this count charges the offense of assault and battery in the usual form. However, we are not called upon to consider this ground for reversal. Section 44 of our Criminal Procedure act (*Comp. Stat., p.* 1834) requires that "every objection to any indictment, for any defect of form or substance apparent on the face thereof, shall be taken * * * before the jury shall be sworn and not afterwards." In the present case no objection to the first count of the indictment was made until after all the testimony in the case had been submitted. The failure to make an objection to an indictment before the jury is sworn, as provided in this section, is a bar against any attack upon the indictment in a court of review. *Shuster* v. *State,* 62 *N. J. L.* 521; *State* v. *Sharkey,* 73 *Id.* 491; *State* v. *Sing Lee,* 94 *Id.* 266, 270.

The next ground upon which we are asked to reverse the conviction under review is that the third count of the indictment does not properly charge a crime denounced by the laws of New Jersey. This count is based upon section 51 of our Crimes act (*Comp. Stat., p.* 1762), which provides that "any person who shall in private be guilty of any act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the peoples, shall be guilty of a misdemeanor." The indictment follows the language of the statute and clearly charges the offense specified therein. In the case of *Graves* v. *State,* 45 *N. J. L.* 203, Chief Justice Beasley, delivering the opinion of this court, declared that an indictment charging a criminal

offense in the language of the statute is constitutional and legal. This principle was approved in *State* v. *Brand,* 77 *Id.* 486, Chancellor Pitney, delivering the opinion of the court of errors and appeals, declaring that the general rule is well established that, "in charging a statutory offense, it is sufficient to lay a charge in the words of the act, without a particular statement of facts such as will bring the accused within its operation." In view of these decisions, is is plain that this ground of reversal is without merit.

It is further urged before us as a ground for reversal that the conviction is not supported by the evidence. Assuming that what is meant by this assertion is that the verdict is contrary to the weight of the evidence, we have carefully examined the testimony and have satisfied ourselves that the jury was fully justified in finding the defendant guilty on both the first and the third counts of the indictment.

The only other grounds for reversal are directed at some fourteen alleged errors of the trial court in its rulings upon testimony. No good purpose would be served by reciting the evidence upon which the challenged rulings are based. In disposing of this contention, it is enough to say that we consider that each one of the rulings made the subject of criticism by counsel was entirely proper and free from legal error.

The conviction under review will be affirmed.