THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SAMUEL R. LUSTBERG, DAVID GOLDIS AND SELIG BAKER, PLAINTIFFS IN ERROR.

Argued October 18, 1932—Decided January 17, 1933.

Before GUMMERE, CHIEF JUSTICE, and Justice BODINE and DONGES.

For the plaintiffs in error, *Ward & McGinnis* and *Weinberger & Weinberger*.

For the defendant in error, *Nathaniel Kent.*

PER CURIAM.

The plaintiffs in error were convicted in the Passaic County Court of Quarter Sessions upon an indictment charging conspiracy.

The state alleged that on January 9th, 1932, the defendant Lustberg, who is a physician, agreed with Frank Stamato and John Wozniak to pretend that an automobile owned by

Anthony Stamato and driven by Dominick Duva struck and injured Wozniak and David Goldis; that Lustberg, Wozniak and Frank Stamato drove to the scene of the pretended accident; that Frank Stamato disclosed the scheme to Anthony Stamato, who joined the conspiracy; that thereafter Duva, Goldis and the defendant Selig Baker joined the conspiracy, each of the defendants agreeing to perform his part in carrying out the conspiracy; that Lustberg, to give color to the alleged accident, inflicted injuries to Wozniak; that Duva reported to the Lodi police that he had been involved in an accident; Duva and Frank Stamato reported to the agent of the insurance company covering Anthony Stamato's automobile that it had been involved in an accident; that Lustberg engaged counsel to represent the alleged injured parties, and that the alleged injured parties were examined by a physician for the insurance company.

The state alleged that no accident occurred by collision of Wozniak and Goldis and Stamato's automobile; that they sustained no injuries in such an accident; that the parties all knew of the falsity of the claims; and that the parties conspired to press false claims of the persons pretended to be injured for the purpose of defrauding the insurance company.

The defendant Lustberg writes down one hundred and fifty assignments of error, and the defendants Goldis and Baker write down one hundred and twelve assignments of error. It was stipulated that the assignments of error filed by Lustberg should also be considered as specifications of causes for reversal.

The appeals were argued together, and so far as the points raised apply to the appeals of the three plaintiffs in error they are to be considered on behalf of each of them.

On behalf of Lustberg, a petition was filed in the Quarter Sessions praying that court to send the record to the District Court of the United States for the District of New Jersey.

The judge of the state court held, after due examination (*Bilecki* v. *Erie Railroad Co.*, 101 *N. J. L.* 17; 127 *Atl. Rep.* 328), that the petition was not properly filed and that it did

not set out grounds for the removal of the record to the District Court of the United States, and declined to order the removal.

We think there was no error in so ruling. *Ex parte Wells,* 17 *Fed. Cas.* 386; *Kentucky* v. *Powers,* 201 *U. S.* 1.

On behalf of the defendant Lustberg, motion was made to quash the indictment on the ground that it was defective and insufficient in law.

The indictment was found under section 37 of the Crimes act (2 *Comp. Stat., p.* 1757), which, *inter alia,* provides:

"Any two or more persons who shall combine, unite, confederate, conspire or bind themselves by oath, covenant, agreement or other alliance to commit any crime, \* \* \* or falsely to move and maintain any suit, or to cheat and defraud any person of any property by any means which are in themselves criminal, or to cheat and defraud any person of any property by any means which, if executed, would amount to a cheat, or to obtain money by false pretenses, \* \* \* shall, on conviction, be deemed guilty of a conspiracy," &c.

The offense charged in this case is not one of those that is indictable under the statute on making the agreement, but is one that requires an overt act to make the conspiracy an indictable offense.

In *State* v. *Hemmindinger,* 100 *N. J. L.* 234; *affirmed,* 101 *Id.* 417; 126 *Atl. Rep.* 544; *affirmed,* 128 *Id.* 922, Mr. Justice Kalisch said: "The legal principles governing the crime of conspiracy are too familiar to need citation of authorities for their support. It is well settled that the unlawful agreement is the gist of the conspiracy. The unlawful agreement, however, does not become the basis of an indictable offense till one of the parties to such agreement takes a step in furtherance of the execution of it. It is, therefore, essential, when there is a charge of conspiracy which requires an overt act to be done in execution of it, in order to make the conspiracy indictable, that such overt act should be set out in the indictment. It is not necessary to constitute the offense that it should appear that the object of the con-

spiracy was attained—a step taken in that direction by one of the parties to the agreement is sufficient. An indictable conspiracy is, in its nature, an attempt to commit an offense."

The indictment charges that the defendant Lustberg, with others, conspired to assert the happening of an accident, which never occurred, the injury thereby of two persons, the giving of notice to the insurance company, the employment of attorneys to begin suit therefor, the infliction of injuries to bolster the claim, the examination of the pretended injured parties by the representative of the insurance company, the knowledge of the spuriousness of the claims—all for the purpose of fraudulently obtaining money from the insurance company. Before the fruition of the fraudulent scheme, one of the conspirators informed the authorities and made success impossible. Many overt acts were charged in the indictment, and established by testimony at the trial.

The fact that several offenses may be alleged to have been committed in furtherance of the conspiracy does not render it duplicitous and bad.

We conclude that the defendant Lustberg was fully and definitely informed of the nature and character of the offense charged, and that the indictment was sufficient.

For the defendants Golis and Baker it is argued that the indictment was not sufficient to charge them with conspiracy.

The record fails to disclose that any motion was made on behalf of these defendants to quash the indictment, or other objection made to the sufficiency of the indictment, before the jury was sworn, as required by the statute. Criminal Procedure act (2 *Comp. Stat., p.* 1834). A motion was made on behalf of the defendant Lustberg to quash the indictment, but none was made on behalf of Goldis and Baker. The ground now urged on their behalf was not brought to the court's attention on the motion of Lustberg. "The failure to make an objection to an indictment before the jury is sworn, as provided in this section, is a bar against any attack upon the indictment in a court of review. *Shuster* v. *State,* 62 *N. J. L.* 521; 41 *Atl. Rep.* 701; *State* v. *Sharkey,* 73 *N. J. L.* 491; 63 *Atl. Rep.* 866; *State* v. *Sing Lee,* 94 *N. J.*

*L.* 266; 110 *Atl. Rep.* 113." *State* v. *Cohen,* 108 *N. J. L.* 216; 157 *Atl. Rep.* 437.

It is next urged that the trial judge committed error in admitting into evidence papers containing statements made by defendants to the police authorities. These statements or confessions were those of the defendants Frank Stamato, Anthony Stamato, Dominic Duva, David Goldis, Selig Baker and Samuel Lustberg, all of whom were interrogated by the police, in the presence of some other defendants in each instance, Lustberg being present at all times. These statements were taken stenographically by Mildred R. Duffy and transcribed by her. The accuracy of the transcription was admitted, as appears from the record as follows:

"*Q.* Is the typewritten transcript a true and correct transcript of your shorthand notes? Mr. Ward—We admit anything turned out by Miss Duffy is correct. Mr. Masterson—I offer the statements in evidence. Mr. Ward—The transcription may be a correct transcription of what she took down—— Mr. Masterson—You don't object upon the ground that they are not true and correct—— Mr. Ward—I know any work Miss Duffy does will be truly and correctly done."

The objection was that they were not signed statements, that they were not confessions, and that they were made by co-conspirators and not evidential unless all persons charged with the offense were present. Two of the defendants signed statements.

The trial court expressly instructed the jury that statements were binding only on the defendants making them and on such other defendants as were present when the statements were made.

We think there was no error prejudicial to the defendants in admitting the statements in evidence. *State* v. *Gregory,* 93 *N. J. L.* 205; 107 *Atl. Rep.* 459. In *State* v. *Donato,* 106 *N. J. L.* 397; 148 *Atl. Rep.* 776, it was said: "Confessions are admissions, made at any time by a person accused of crime, stating or suggesting the inference that he committed or participated in the commission of that crime. * * * It is said in 2 *Whart. Cr. Ev.* 1329, that 'it is not

necessary to the admissibility of a written confession * * *
that it should be signed by the accused' · (citing *State* v.
*Haworth,* 24 *Utah* 398; *State* v. *Ealon,* 3 *Harr.* 554; *State*
v. *Johnson,* 5 *Id.* 507)."

In the instant case, the accuracy of the statements is admitted. It is not claimed that they were not voluntarily made. The statements being conceded to be trustworthy and not contradicted, there was no prejudicial error in their admission.

Assignments of error Nos. 63 to 74, inclusive, 150 and 17, 18, 19 and 20, relate to the court's sustaining objections to questions asked by counsel for defendants. The first group relate to questions asked Detective Cluney, who had been examined and cross-examined touching the making of the statements, before the statements were admitted in evidence, and was subsequently called to identify some of the defendants. Upon being recalled after the statements were in evidence, counsel propounded a series of questions not in line with his further examination. The court did not permit the examination. We think there was no error in so ruling. The court stated that the cross-examination was not upon the subject of the witness' examination and that the cross-examination upon his previous direct examination had been concluded. No request for further cross-examination upon his prior direct examination was made.

Assignments of error Nos. 17 to 20 relate to questions propounded to Wozniak about his whereabouts during the week prior to the trial, and whether he had procured a lawyer. The materiality of the questions does not appear and they were properly overruled.

Assignment of error No. 150 brings up the ruling of the court sustaining an objection to a leading question to one of the defendant's witnesses on his direct examination. We see no impropriety in this ruling. Counsel urge that the purpose was to show the bias of the witness and to discredit other state's witnesses. The witness was called on behalf of the defendants, and how the question of the witness' bias was material does not appear. Nor does it appear how an

answer to the question would affect the credibility of other witnesses.

The next point raises the propriety of questions propounded to the witnesses Seaback and Wesley touching the giving of notice to the representatives of the insurance company of the pretended accident. We see no harmful error in the rulings. Likewise there was no harmful error in the examination of the witness Peschel.

It is urged before us that the court should have directed an acquittal because the evidence did not sustain the indictment, and it is also urged that the verdict is against the weight of the evidence.

We have carefully examined the testimony and are of opinion that the court properly refused to take the case from the jury by directing an acquittal, and, also, that the evidence fully justified the jury in finding the defendants guilty.

Other errors as grounds for reversal are directed at the refusal of the trial court to grant a motion for mistrial of the case, and to the refusal of the court to permit cross-examination of two defendants who withdrew their pleas of not guilty and pleaded non vult in the course of the trial, and who were not offered as witnesses, and to the refusal of the court to permit cross-examination of counsel for the two defendants who pleaded non vult, and to the refusal to strike out the statements of said defendants previously admitted. We consider such rulings proper and free from legal error.

We think we have disposed of all of the assignments of error and specifications of causes for reversal assigned or specified, and argued by the defendants.

The convictions under review will be affirmed.