*547
 
 LAND, Justice.
 

 Defendant, who is a person over the age of 17 years, is charged, under section 1 of Act No. 192 of 1912, with the crime of having carnal knowledge of one Juanita Wallace, an unmarried female between the ages of 12 and 18 years, with her consent. He was tried by jury, convicted, and sentenced to not less than 14 months and not more than 42 months in the state penitentiary at hard labor, and has appealed from that conviction. .
 

 On the trial of the case, defendant reserved six bills of exception.
 

 (1) Bill of exception No. 1 was reserved to the ruling of the trial judge refusing to quash the venire of a list of petit jurors drawn and called for service as jurors for the term of the fourth district court for the parish of Ouachita, beginning November 15, 1937.
 

 The motion to quash sets forth substantially that there are no negroes, or members of the colored race, on the general venire list, for the parish of Ouachita; that negroes have been systematically excluded from grand and petit jury service in the parish of Ouachita; that the exclusion of negroes on juries is done solely because of their race and color and constitutes a denial of due process of law and the equal protection of the laws guaranteed to them by the Federal and State Constitutions, Const. U.S, Amend. 14; Const.La.1921, art. 1, § 2.
 

 The able counsel for defendant has attempted to build his case to fit the decision of the Supreme Court of the United States in the matter of Norris v. State of Alabama, 294 U.S. 587, 55 S.Ct. 579, 580, 79 L.Ed. 1074.
 

 In that case it is said in part:
 

 “Whenever by any action of a state, whether through its Legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him, contrary to the Fourteenth Amendment of the Constitution of the United States. * * * The principle is equally applicable to a similar exclusion of negroes from service on petit juries.”
 

 The defendant, George H. Dierlamm, is a white man, or a member of the Caucasian race, and the unmarried female, with whom he is charged with having illicit carnal knowledge, is of the same race.
 

 In order that the defendant should bring himself within the purview of the Norris Case, he would have to allege and prove in the trial of the motion to quash filed by him in this case, that “all persons of the Caucasian race are excluded,” in the parish of Ouachita, solely because of their race or color, from serving as petit jurors in the criminal prosecution “of a person of the Caucasian race.”
 

 Defendant has offered no such proof on the trial of the motion to quash, and therefore has no personal right to be vindicated or wrong to be redressed under the Fourteenth Amendment of the Constitution of the United States, as interpreted in the Norris Case. Vander Sluys v. Finfrock, 158
 
 *549
 
 La. 175, 103 So. 730; New Orleans v. Dameron, 149 La. 535, 89 So. 685.
 

 It appears that at the same term of the fourth district court at which defendant was indicted, a similar motion to quash was filed in the case of the State of Louisiana v. Floyd Reed, a negro, who is charged with a capital offense. But as this motion has not been tried or disposed of in the lower court, the Reed Case is not before this court on appeal for consideration. Since this court is without any jurisdiction whatsoever, at this time, to pass upon the merits of the motion to quash filed in the Reed Case, we decline to entertain this motion, notwithstanding the earnest effort of defendant to inject it into the decision of the case at bar.
 

 The motion to quash was therefore properly overruled.
 

 (2) Bill of exception No. 2 was taken to the ruling of the trial judge in admitting in evidence a copy of the birth certificate of Juanita Wallace, the unmarried female between 12 and 18 years of age, with whom defendant is charged to have had sexual intercourse.
 

 The objection urged against the admission of the copy of the birth certificate was that it was ex parte and hearsay.
 

 An inspection of the copy of the birth certificate discloses the fact that it was signed by Dr. J. R. Ferguson. The per curiam of the trial judge shows that the original birth certificate was made and filed by Dr. Ferguson, and that he was present at the birth of Connie Barbara Wallace, sometimes called Juanita Wallace, who was bom on the day, month, and year as set forth in the certificate. The niother of the prosecuting witness also testified as to the date, time, and place of birth of the prosecuting witness, who is shown by this testimony to have been born July 21, 1921, at 6 a. m., parish of Ouachita, ward 6, city or town of Monroe, La., as stated in original birth certificate.
 

 The testimony of Dr. Ferguson, and of the mother of the prosecuting witness, as to the date of her birth, is the direct testimony of the attending physician and of the mother, witnesses present at the birth, and is not hearsay evidence.
 

 The copy of the birth certificate was not offered as the best evidence, but only after the mother of the prosecuting witness and the attending physician had testified as to the date, time, and place of birth. As this copy has been properly certified by the State Registrar of the Bureau of Vital Statistics, and the copy and signature of the State Registrar has been attested under the seal of the Bureau of Vital Statistics, this copy was admissible in evidence, even in the absence of the testimony of the attending physician and of the mother of the prosecuting witness, under section 21 of Act No, 257 of 1918. This section provides:
 

 “And any such copy of the record of a birth or death, when properly certified-by the State Registrar or said Local Registrar or his Deputy, of the Parish of Orleans and the City of New Orleans, shall bé prima facie evidence in all courts and places of the facts therein stated.”
 

 
 *551
 
 We find no error in the ruling of the trial judge in admitting the copy of the birth certificate in evidence.
 

 (3) Bill of exception No. 3 was reserved to the' admission in evidence of a confession made by the defendant, over the objection that it was not signed by defendant nor witnessed by any one.
 

 It appears from the per curiam to this bill that the confession in this case consists of questions propounded by the district attorney and answers made' by the defendant, which were taken down in shorthand by the assistant district attorney, Mr. Geo. W. Lester, in the presence of the district attorney, a deputy sheriff, and Miss Louise Goza and Miss Beatrice Furlow, and later transcribed by the assistant district attorney in his office on a typewriter. The state placed Mr. Geo. W. Lester, assistant district attorney, on the stand as a witness to the confession.
 

 In the per curiam to this bill, it is said by the trial judge:
 

 “This court being convinced that the said confession was free and voluntary on the part of the accused, and that the document offered contained the true and correct version of all that was said and done, and all in the presence of this witness and other witnesses, the court was of the opinion that the evidence was admissible for two reasons: (1) That the contents of said transcribed notes were admissible in support of, and as a part of, the oral testimony of this witness; (2) that the document being clearly proven to be a confession of the accused, free and voluntarily made, did not require the signature of the accused or witness thereto. It was accordingly permitted to be read to the jury as part of the oral testimony of this witness and was admitted to be filed in evidence as a proven confession of the accused. The fact that it was not signed by the accused, or his signature thereto witnessed, would not defeat the admissibility of the evidence for the reason there is no rule or statute in this state requiring the signing of a confession by the accused. State v. Eisenhardt, 185 La. 308, 169 So. 417. Except in jurisdictions where required by statutes the general rule is that ‘A confession in writing, if otherwise proved to have been made by the accused, is competent, although not signed by him.’ 16th Corpus Juris 732, Criminal Law.”
 

 ■We find no error in the ruling complained of by defendant.
 

 Bill of exception No. 4 was reserved to the written charge by the trial judge to the jury on three separate grounds, to wit:
 

 First, respondent excepts to the charge as a whole, for the reason that it does not state the whole law applicable to the case.
 

 The jurisprudence is uniform to the effect that a general objection to the charge given by the court presents nothing for review; a general objection being too vague and indefinite to be considered. State v. Warlick, 179 La. 997, 1005, 155 So. 460, and cases therein cited.
 

 Second, counsel for defendant excepts to the charge in so far as the following language is used:
 

 “Under our law, the accused is permitted to testify in his own behalf if he elects to exercise this privilege. He is gov
 
 *553
 
 erned by the same rules in testing his credibility and the truth and correctness of his statements as any other witness. You have the right to believe or disbelieve his testimony as it impresses you the same as any other witness. If he does not choose to exercise this privilege, you must not consider this fact or permit it to raise a presumption of guilt against him.”
 

 The ground of exception by defendant to this charge is that it directs the attention of the jury to the fact that defendant did not testify in his own behalf, which is, in effect a comment on the facts' and an invasion of defendant’s constitutional rights.
 

 Act No. 29 of 1886 is entitled, “An Act Declaring the competency of witnesses in criminal proceedings.” Act No. 29 of 1886 was amended by Act No. 185 of 1902, and the latter act was amended by Act No. 41 of 1904. All of these acts, in referring to the defendant in a criminal proceeding, provide:
 

 “That his failure to testify, shall not be construed for or against him, but all testimpny shall be weighed and considered according to the general rules of evidence, and the trial judge shall so charge the jury.”
 

 In all of the above-mentioned acts it was made the mandatory duty of the judge to charge the jury that defendant’s “failure to testify shall not be construed for or against him.”
 

 In the year 1916, the Legislature passed Act No. 157 of that year, entitled, “An Act To declare who shall be competent witnesses in civil and criminal cases.” It is provided in section 1 of this act: .
 

 “Third. In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes or offences, a person so charged shall, at his own request, but not otherwise, be deemed a competent witness; and his neglect or refusal to testify shall not create any presumption against him,” omitting “and the trial judge shall so charge the jury.”
 

 This court had occasion to construe Act No. 157 of 1916 in the case of State v. Lewis, 156 La. 985, 101 So. 386, 388. In that case a bill was reserved to the failure of the trial judge to charge the jury that the failure of the defendant or his refusal to testify should not create any presumption against him in a case in which defendant did not take the stand. In that case the court, with Mr. Justice Rogers as its organ, said:
 

 “Under the law as it now stands, therefore, the judge is not required to charge the jury that the .failure or neglect of an accused to testify cannot be construed for or against him. The statute permits him to deliver the charge when requested by the accused, but does not make it his imperative duty to do so without such request.”
 

 Article 461 of the Code of Criminal Procedure prescribes and declares who are competent witnesses in criminal cases, and is almost a verbatim copy of Act No. 157 of 1916, with the exception that the concluding clause in that act, which reads,
 
 *555
 
 “And his neglect or refusal to testify shall not create any presumption against him,” has been omitted from article 461 of the Code of Criminal Procedure.
 

 While it is not the imperative duty of the trial judge to charge the jury that “his neglect or refusal to testify shall not create any presumption against him,” yet, if the trial judge should give such charge, it only throws an additional protection around the shoulders of the defendant.
 

 The language of the charge complained of as a comment on the facts is as follows:
 

 “If he does not choose to exercise this privilege, you must not consider this fact or permit it to raise a presumption of guilt against him.”
 

 In State v. Aaron Johnson, 50 La.Ann. 138, 23 So. 199, it was held, as stated in the syllabus:
 

 “When the accused does not choose to testify, it is not. error ■ on the part of the judge to charge the jury that he is • not bound to testify, and that his not having testified must not be construed against him. The admonition by the judge to the jury was not a comment on the fact.”
 

 Third. “Before you can determine this accused to be guilty of this crime charged, it is indispensably necessary that the state prove to you affirmatively by legal and competent- evidence and beyond a reasonable doubt, the following essential elements, to-wit:
 

 “1. That this defendant, at the time of the offense charged, was over the age of seventeen (17).
 

 “2. That he, this defendant, did feloniously, unlawfully and willfully have sexual intercourse of this prosecutrix, Juanita Wallace, at the time, in the manner and under the circumstances charged in the indictment.
 

 “3. That the prosecutrix, Juanita Wallace, was then, at the time of the sexual intercourse, unmarried, under the age of eighteen (18) years and over the age of twelve (12) years, and that sexual intercourse was with her consent.” Charge to Jury, T. 23, 24.
 

 Defendant excepted to the above language contained in the charge to the jury for the reason that it did not state the whole law applicable to the charge in that it did not inform the jury that the jury must be convinced beyond a reasonable doubt from all the evidence “that the accused party knew the prosecutrix was unmarried and was under the age of 18 years.”
 

 In our opinion, this exception to the charge of the trial judge to the jury is without merit.
 

 The defendant is indicted under section 1 of Act No. 192 of 1912 which reads as follows:
 

 “Be it enacted [etc.], That, if any person over the age of 17 years shall have carnal knowledge of any unmarried female between the ages of 12 and 18 years, with her consent, he shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment with or without hard labor not exceeding five
 
 *557
 
 years; provided, nothing in this Act shall affect the crime of incest.”
 

 The offense defined in this statute is purely a statutory crime, and makes no mention of felonious intent or guilty knowledge.
 

 In State v. Berger, 156 La. 737, 738, 101 So. 124, 125, the appellant was convicted of carnal knowledge under Act No. 192 of 1912, under which the defendant in this case is now indicted.
 

 In the Berger Case,"it is said:
 

 “Again, where a statute declares that the doing of an act with some special intent (as with intent to escape, or to cheat, etc.) shall be a crime, then the indictment must charge, not only the act,' but also the intent, or it fails to charge an offense.
 

 “But where a statute declares simply that the doing of an act shall be an offense, without requiring that it be done with some special intent then an indictment which charges merely the doing of that act, does charge an offense, even though it fails to charge some special intent.”
 

 In State v. Standard Petroleum Products Co., 176 La. 647, at page 650 of the opinion, 146 So. 321, 322, it is said:
 

 “Even in criminal law when a statute makes an act indictable without regard to guilty knowledge, then ignorance of fact, although sincere, is no defense, and the intent with which the act is done is of no consequence. State v. Quinn, 131 La. 490, 59 So. 913; State v. Dowdell, 106 La. [645] 650, 31 So. 151, 153; State v. Southern Ry. Co., 122 N.C. 1052, 30 S.E. 133, 41 L.R.A. 247; Wharton’s Crim.Law, §88; Id. Vol. 1, page 116.”
 

 As Act No. 192 of 1912 denounces a statutory crime and makes the act of carnal knowledge defined therein indictable, without regard to felonious intent, or guilty knowledge, the refusal of the trial judge to charge the jury that the state must prove, in order to convict, that “the accused party knew that the prosecutrix was unmarried and was under the age of 18 years” was correct, and is approved.
 

 (5) Bill of exception No. 5 was reserved to the action of the trial judge in overruling a motion for a new trial. As all the points raised in this motion have been discussed under bills of exceptions Nos. 1, 2, 3, and 4, no further discussion of these bills is deemed necessary.
 

 (6) Bill of exception No. 6- was taken to the overruling of a motion in arrest of judgment. In this motion it is contended:
 

 “That the statute under which respondent is prosecuted specifically states that the offense is a felony and the indictment returned by the grand jury in this case does not allege the offense to be a felony, nor does it allege that the offense was feloniously committed and is, therefore, null and void in not following the language of the statute.”
 

 This identical objection was raised by the defendant in State v. Berger, 156 La. 737, 101 So. 124, 125, against an indictment for the crime of carnal knowledge
 
 *559
 
 which was returned against defendant in that case under Act No. 192 of 1912. In answer to this objection, this court said:
 

 “But where a statute declares simply that the doing of an act shall be an offense, without requiring that it be done with some special intent then an indictment which charges merely the doing of that act, does charge an offense, even though it fails to charge some special intent. Hence it always suffices that the indictment should follow the words of the statute; for — It is well settled that it is not essential to the validity of an indictment that it shall charge that the party accused committed the crime feloniously, unless the statute in terms denounces the offense only when committed feloniously, or unless the offense is a common-law crime, for which- the statute has imposed a penalty by naming the crime, without defining it. State v. Gulizo, 149 La. [1090] 1091, 90 So. 415, citing numerous cases.
 

 “II.
 

 “(3) Since the indictment herein follows the words of the statute, it suffices to charge the crime denounced by the statute.
 

 “Nor does it make any difference whatever that the statute, after fully defining the crime, should also have declared such crime a felony. The essence of a crime is in the definition thereof, not in the name given it.” 156 La. 737, at page 739, 101 So. 124.
 

 The indictment in this case charges that the defendant “ * * * did then and there willfully and unlawfully have carnal knowledge of one Juanita Wallace, an unmarried female between the ages of 12 and 18 years, with her consent, the said G. H. Dierlamm being at the time above the age of 17 years, contrary to the form of the statute of the State of Louisiana in such case made and provided.”
 

 The indictment sufficiently follows the language of the statute, and is legal and valid.
 

 The motion in arrest of judgment was therefore properly overruled.
 

 The conviction and sentence of defendant, herein appealed from, are affirmed.