THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. GUILLERMO GREEN PAGÁN, Defendant and Appellant.

No. 15490. Argued January 12, 1954—Decided January 28, 1954.

*Héctor Lugo Bougal* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Guillermo Green Pagán was found guilty of burglary in the first degree by a jury of the Ponce Section of the former District Court of Puerto Rico, and sentenced to serve from

one to three years' imprisonment in the penitentiary. He appealed to this Court assigning as the only error the following:

"The lower court erred in permitting the prosecuting attorney to offer in evidence a presumptive sworn statement or confession made by the accused before the prosecuting attorney, which statement or confession is nowhere signed by the accused and appellant."

██ Indeed, the Court of Ponce did admit in evidence an unsigned confession of the accused. The defense offered no evidence whatever, but during the People's presentation of its evidence the accused himself testified, when the question of admissibility of the confession was raised, that he had not signed the confession. Notwithstanding this, Lic. Arturo Cintrón García, former prosecuting attorney of the Court of Ponce and witness for the People, testified that the confession had been made before him and taken down in shorthand, and subsequently transcribed by the prosecuting attorney's stenographer, who subscribed a certificate establishing the authenticity of the confession. Former prosecuting attorney Cintrón García further testified that the confession offered and admitted in evidence was a true and correct transcript of all the questions which the witness put to the accused and of all the answers given by the accused to those questions. The accused alleged, through his attorney, that he did not object if Lic. Cintrón García testified as to those questions and answers, but he did object to the admission of the written confession itself as independent documentary evidence. Cintrón García did not testify as to the nature of those questions and answers, but the court admitted the document embodying the confession and instructed the jury that it was incumbent on them to decide, as a matter of fact, whether or not the statement of accused was voluntary.

We find in 23 A.L.R. (2d Series), p. 919, a recent annotation dealing with the specific question raised in the case

at bar, namely, the admissibility of confessions not signed by the accused. According to that annotation, the general rule, which is patterned after a number of earlier English cases, is that a confession not signed by the accused, in the absence of an acknowledgment or admission of the accused that he made that confession, that is, in the absence of an acknowledgment or admission of the authenticity of that confession, is inadmissible as independent documentary evidence. See cases cited in the annotation, especially *State* v. *Cleveland,* 78 A. 2d 560, 23 A.L.R. 2d 907, decided February 5, 1951, which is the subject of the annotation, where after discussing earlier New Jersey cases, a distinction was made between parole evidence concerning defendant's oral statements and a written confession which appears to have more weight before a jury. In the case at bar, there was no such acknowledgment on the part of the accused. Notwithstanding this, it is stated in the latter annotation that an exception has been established in other cases to the effect that, if the confession has been made before third persons and transcribed, and those persons testify that the writing embodying the unsigned confession is a true transcript of the accused's statements, the written confession is admissible as independent documentary evidence, and the question of whether the accused actually made that confession would be a question of fact to be determined by the jury. However, generally, a confession in writing, if otherwise proved to have been made by the accused, is admissible, although not signed by him. 22 C.J.S. 1456, note 19; *State* v. *Dierlanim,* 180 So. 135; *State* v. *Eisenhardt,* 169 So. 417; *State* v. *Lustberg,* 164 Atl. 703; *People* v. *Whalen,* (N.Y.), 249 App. Div. 890; *State* v. *Haworth,* 68 Pac. 155; *Haines* v. *State,* 27 So. 2d 414; *Mobley* v. *State,* 85 N. E. 2d 489; *State* v. *Saltzman,* 44 N. W. 2d 24; *Gray* v. *Commonwealth,* 170 S. W. 2d 870; *State* v. *Folkes,* 150 P. 2d 17; *Bosko* v.

*People*, 188 Pac. 743; *People* v. *Reed*, 164 N. E. 847; *Prather* v. *State*, 137 P. 2d 249; *Fields* v. *State*, 250 N. W. 63.

■ The main question is in fact one of authenticity. If, as in the instant case, a witness identifies the writing to the effect that it contains the confession of the accused, and the accused is given the opportunity to prove otherwise by cross-examining the witness or by independent evidence, it is then a question of fact, as respects the authenticity of the contents of the document, to be decided by the jury under proper instructions, such as were given in the case at bar.

The error assigned was not committed and the judgment appealed from is affirmed.