EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GUILLERMO GREEN PAGÁN, acusado y apelante.

Número 15490.

*Sometido:* 12 de enero de 1954. *Resuelto:* 28 de enero de 1954.

*Héctor Lugo Bougal,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge, y Rafael L. Ydrach Yordán, Fiscal Auxiliar, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Guillermo Green Pagán fué declarado culpable de un delito de Escalamiento en Primer Grado por un jurado de la Sección de Ponce del anterior Tribunal de Distrito de Puerto Rico y fué sentenciado a cumplir la pena de uno a tres años de presidio. Ha apelado ante este Tribunal y como único error ha señalado el siguiente:

"Que erró el tribunal inferior al permitir al Ministerio Fiscal introducir en evidencia una supuesta declaración o confesión jurada, prestada por el acusado ante el Fiscal, sin que dicha declaración o confesión apareciera firmada en parte alguna por el acusado-apelante."

 Efectivamente, el tribunal de Ponce admitió en evidencia una confesión del acusado sin que ella hubiese sido firmada por él. La defensa no presentó prueba de clase alguna, pero en el curso de la presentación de la prueba del ministerio público el propio acusado declaró, al plantearse el problema de la admisibilidad de la confesión, limitándose a declarar que él no había firmado la confesión. No obstante ello, el Lcdo. Arturo Cintrón García, anterior Fiscal del Tribunal de Ponce, declaró, como testigo de cargo, que la confesión había sido prestada ante él, y fué tomada taquigráficamente, y luego transcrita por el taquígrafo del Fiscal, quien certificó con su firma la autenticidad de la confesión. Declaró además el ex-fiscal Cintrón García que la confesión ofrecida y admitida en evidencia era una fiel y exacta reproducción de todas las preguntas que el testigo le había formulado al acusado y de todas las contestaciones del acusado a esas preguntas. El acusado manifestó, por conducto de su abogado, que él no se oponía a que el Lcdo. Cintrón García declarase oralmente sobre esas preguntas y contestaciones, pero sí se oponía a la admisión de la confesión escrita en sí, como prueba documental independiente. Cintrón García no declaró sobre cuáles habían sido esas preguntas y contestaciones, pero el tribunal admitió el documento que contenía la confesión, instruyendo al jurado que a ellos correspondía el resolver, como cuestión de hecho, si el acusado había prestado o no esa confesión voluntariamente.

En 23 A.L.R. (2da. Serie), pág. 919, encontramos una anotación reciente sobre el problema específico que se ha planteado en este caso, esto es, la admisibilidad de confesiones no firmadas por el acusado. Tal como surge de esa anotación, la regla general, que sigue los casos antiguos en la Gran Bretaña, es al efecto de que no es admisible, como prueba documental independiente, una confesión que no haya sido firmada por el acusado, en ausencia de un reconocimiento o admisión del acusado al efecto de que él ha prestado esa confesión, esto es, en ausencia de un reconocimiento o admisión

de la autenticidad de esa confesión. Véanse los casos citados en la anotación, y especialmente el caso que le sirve de base a la anotación de *State* v. *Cleveland*, 78 A.2d 560, 23 A.L.R. 2d 907, resuelto el 5 de febrero de 1951, en donde se distinguen otros casos anteriores de New Jersey, y en donde se señala la diferencia entre prueba oral sobre manifestaciones orales de un acusado, y una confesión escrita, que representa tener mayor valor ante un jurado. En el caso de autos, no hubo tal reconocimiento de parte del acusado. No obstante ello, en la propia anotación mencionada se señala que en otros casos se ha establecido una excepción, al efecto de que si la confesión ha sido prestada ante otras personas, y ella ha sido transcrita, y si esas otras personas declaran que el documento que contiene la confesión no firmada es una reproducción fiel de lo que dijo el acusado, la confesión escrita sería admisible como prueba documental independiente, y la cuestión de si el acusado realmente prestó esa confesión sería una cuestión de hecho a ser resuelta por el jurado. Esto es, en términos generales, es admisible una confesión por escrito, aun si no ha sido firmada por el acusado, si se presenta prueba de que el acusado realmente hizo esa confesión contenida en el documento. 22 C.J.S. 1456, nota 19; *State* v. *Dierlamm*, 180 So. 135; *State* v. *Eisenhardt*, 169 So. 417; *State* v. *Lustberg*, 164 Atl. 703; *People* v. *Whalen*, 249 App. Div. 890 (N. Y.); *State* v. *Haworth*, 68 Pac. 155; *Haines* v. *State*, 27 So.2d 414; *Mobley* v. *State*, 85 N.E.2d 489; *State* v. *Saltzman*, 44 N.W.2d 24; *Gray* v. *Commonwealth*, 170 S.W.2d 870; *State* v. *Folkes*, 150 P.2d 17; *Bosko* v. *People*, 188 Pac. 743; *People* v. *Reed*, 164 N.E. 847; *Prather* v. *State*, 137 P.2d 249; *Fields* v. *State*, 250 N.W. 63.

Realmente, el problema esencial es uno de autenticidad. Si, como ocurrió en el caso de autos, un testigo identifica el documento al efecto de que contiene la confesión del acusado, y el acusado tiene la oportunidad de demostrar lo contrario, repreguntando a este testigo o por prueba independiente, se trata entonces de una cuestión de hecho, en cuanto

a la autenticidad de lo que contiene el documento, a ser resuelta tal cuestión por el jurado, bajo instrucciones adecuadas, como las que fueron formuladas en este caso.

*No se cometió el error señalado, debiendo confirmarse la sentencia apelada.*