## THE STATE v. KNOWLES.

**1. Criminal Law: CONFESSION.** A confession by one charged with forgery that he wrote the name of the party whose name is charged to have been forged, is not sufficient to authorize a conviction without other proof that the crime was in fact committed by some one.

*Appeal from Hardin District Court.*

MONDAY, JUNE 10.

ROTHROCK, CH. J.—After the filing of an opinion in this case a petition for rehearing was presented, upon 1. CRIMINAL which the cause was again submitted for our consideration.

It is stated, in the fourth point of the opinion, that a cer-

tain instruction which is complained of by the defendant, although appearing in the record, does not appear to have been given or refused. It now appears from an inspection of the original instruction that it was given to the jury. This is not now disputed by the Attorney General, and by consent the original record has been produced for our inspection. Said instruction is in these words:

"The confession of the defendant, that he wrote Daniel Slack's name on the note charged to have been forged, will warrant you in finding said defendant, Philip Knowles, guilty, if you have other proof that said note was forged, and that the said offense was committed; and in order to find said Philip Knowles guilty it is not necessary to prove that said Philip Knowles forged said note in any other manner than by proving the said Philip Knowles' admissions that he wrote Daniel Slack's name on said note."

This instruction is erroneous, especially in the latter clause. It is true, the confession of the defendant that he committed the crime charged is sufficient to warrant a conviction, if accompanied by other proof that the crime was in fact committed by some one. A confession implies that the matter confessed is a crime, and unless the defendant admitted that he wrote the name of Daniel Slack to the note with a fraudulent intent, his statement was not a confession; because he may have intended, by such confession, to imply that the act was done rightfully. We think the instruction was erroneous, because of its tendency to lead the jury to believe that the mere statement of the defendant that he wrote Slack's name to the note was to be considered by them as a confession that he had committed forgery.

For the error in this instruction the judgment must be

REVERSED.