[Crim. No. 1284. In Bank.—May 31, 1906.]

## THE PEOPLE, Respondent, v. THOMAS F. FALLON, Appellant.

CRIMINAL LAW—MURDER—EVIDENCE—CORPUS DELICTI—ADMISSION OF
KILLING.—Where defendant was charged with the murder of his
wife, evidence that she had sued him for divorce and was living
apart from him, that he entered her room with her two days there-
after, that pistol-shots were heard therein, that he came out with
a smoking pistol in his hand which was found to contain four

exploded cartridge shells, that his wife was immediately thereafter found with four bullet-wounds in her body, from the effects of which she immediately died, is sufficient proof of the *corpus delicti* to warrant evidence of the admission of defendant that he killed her.

ID.—INSTRUCTIONS—"MALICE AFORETHOUGHT."—Where the court properly instructed the jury upon the different degrees of murder and upon the subject of "malice aforethought," express or implied, as defined by the code, the court properly added: "Malice aforethought of either kind is manifested by the doing of an unlawful or felonious act intentionally and without legal cause or excuse. It does not imply a pre-existing hatred or enmity towards the individual injured."

ID. — INSTRUCTIONS AS TO INSANITY — DISREGARD OF DECLARATIONS— REFUSAL OF REQUEST NOT PREJUDICIAL.—Where the defense was the insanity of the defendant, and the court at instance of the defendant and of its own motion had fully instructed the jury upon the subject of insanity, and that if they found him unable at the time of the homicide to distinguish between right and wrong as to the act charged they should acquit him, he was not prejudiced by the refusal of a requested instruction that if the jury found him then insane they should disregard his declaration and statements then made.

ID.—RIGHT OF JURY TO CONSIDER DECLARATIONS ON QUESTION OF SANITY —MISLEADING REQUEST.—Such request was properly rejected as misleading. It was the province of the jury to consider the declarations of the defendant in determining the question of his sanity or insanity at the time of the homicide. An instruction which even inferentially limits or restrains the right of the jury in that respect is improper.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

J. J. Guilfoyle, Jr., and Frank V. Cornish, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, and Lewis F. Byington, District Attorney, for Respondent.

LORIGAN, J.—Defendant was prosecuted for the murder of his wife, Agnes Fallon, in San Francisco, April 1, 1904, convicted, sentenced to be executed, and appeals.

Several grounds are urged for a reversal.

It is insisted that the court erred in admitting evidence of

statements made by defendant immediately after the shoot-
ing, that he had shot his wife, on the ground that at the
time such evidence was admitted the *corpus delicti* had not
been proven. When these admissions were received the evi-
dence showed that about six o'clock on the evening of April
1, 1904, the defendant and his wife entered her room at
949 Mission Street (they were living apart, she having com-
menced an action for divorce from him a couple of days
previously) ; that shortly thereafter pistol-shots, fired in
rapid succession, in the room were heard; that defendant
immediately came out of the room with a smoking pistol in
his hand, which he placed in his pocket, and when it was
taken from him it was warm; that this pistol had been in
the possession of defendant for several days previously, and
when taken from him at the time of the shooting contained
four exploded cartridge-shells; that immediately after the
shooting his wife was found lying on the floor of the room
under a table with four bullet-wounds in different parts of
her body,—one in the throat, another in the heart,—from
the effects of which she immediately died. This evidence
was sufficient proof of the *corpus delicti* or of the elements of
crime—the death of the deceased as the result of criminal
means or agency—to warrant the admissions of defendant
that he killed her; admissions which the evidence complained
of shows he made as he came out of the door with the pistol
in his hand and which he subsequently reiterated.

This proof of *corpus delicti,* existing at the time these par-
ticular objections to the admissions of defendant were offered,
was further supplemented by additional evidence on that
subject, which makes the further complaint of defendant,
that the court erred in refusing to advise the jury to acquit
for failure of such proof, entirely without merit.

Complaint is made relative to instructions. The court
instructed the jury fully on the different degrees of murder,
and upon the subject of "malice aforethought," express and
implied, in its relation to the crime of murder. The court
defined these different kinds of malice aforethought as they
are defined in the code itself, and, continuing, used this lan-
guage: "Malice aforethought, of either kind, is manifested
by the doing of an unlawful or felonious act intentionally
and without legal cause or excuse. It does not imply a pre-

CXLIX Cal.—19

existing hatred or enmity towards the individual injured.''
It is of this quoted portion that complaint is made. We per-
ceive no valid ground for criticism of it. An exactly similar
instruction was complained of, but was approved, in *People*
v. *Balkwell*, 143 Cal. 263, [76 Pac. 1017], as being a correct
statement of the law.

The only defense interposed on behalf of defendant at
the trial was that at the time of the homicide he was insane.
Among other instructions on the matter of insanity requested
by counsel for defendant was the following: ''If you are
satisfied by a preponderance of evidence that the defendant
at the time of the fatality was in such a state of mind that
he could not distinguish between right and wrong as to the
act charged, you should disregard as a circumstance tending
to convict him any and all statements alleged to have been
made by him at that time, for the reason that if then insane
he was not responsible for and cannot be bound by any
statement or statements made by him at that time.'' This
instruction the court refused to give, and counsel now insists
that refusal was error. We cannot agree with him. The
jury were fully instructed under other proferred instructions
of the defendant given by the court, and in the instructions
given by the court of its own motion, upon the subject of
insanity and of the right of defendant to an acquittal should
they find that at the time of the homicide he was insane from
any cause—unable to distinguish between right and wrong as
to the act charged. The jury were particularly instructed
at the request of defendant that if, at the very time of the
commission of the act alleged against him he was mentally
unconscious of the nature of the act in which he was engaged,
he was legally irresponsible for it, and should be acquitted.
It cannot be said that the defendant was prejudiced in
refusing to give an instruction telling the jury that if they
found him insane, then to disregard declarations made by
him at the time of the homicide, when they were repeatedly
told that a finding of insanity itself entitled him to an
acquittal.

But aside from this the instruction as requested was mis-
leading. The statements made by defendant, which his
counsel sought by this instruction to have the jury informed
that they should disregard if they were satisfied defendant

was insane, were his declarations made immediately after the shooting, that he had shot his wife and certain accompanying statements assigning his reasons for doing so. The instruction as tendered is open to the objection that it leaves the jury to infer that they may only take into consideration the statements of defendant accordingly as they find from the other evidence upon the subject whether at the time of the killing he was sane or insane; that, if from such evidence they find him sane the statements may be considered as a circumstance tending to convict; if they find him insane the statements must be disregarded as a circumstance tending to that end. The instruction ignores entirely the right of the jury to take these statements into consideration in determining the question of sanity itself, or rather leaves an inference that they are only to be considered after sanity is otherwise established. Of course, no such limitation on the right of the jury to consider such statements is warranted. When the sanity or insanity of a defendant at a given time is involved, it is always important and proper that his acts and declarations at such time should be considered by the jury in determining that question, and any instruction which even inferentially limits or restrains that right is improper. There may be cases (although the evidence in the case at bar does not bring it within the class), where peculiar circumstances might call for an instruction to the jury to disregard incriminating admissions made by a defendant should the jury find him insane when they were made; an instruction in addition to general instructions to be applied in determining the question of sanity, but such special instruction should at least be framed so that the jury would not be left under the erroneous impression that the admissions referred to were not to be considered by them as bearing on the question of sanity, but only to be disregarded as a "circumstance tending to convict," should the other evidence in the case show that the defendant was insane when he made them.

It is true, as asserted by counsel for defendant, that in the case of *People* v. *Wrèden,* 59 Cal. 396, it was held, among other errors warranting a reversal, that the lower court should have given an instruction tendered by the defendant in that case, that " 'If at the time of the making of the alleged statements' the jury were 'satisfied that the defendant was insane,'

they 'should disregard them entirely, no matter what caused the insanity.' '' This, as we have quoted it, is the entire instruction as it appears to have been there requested. The opinion in that case does not disclose the facts or circumstances under which the statements of the defendant referred to were made, or indicate the statements themselves to which the instruction was intended to apply. It is probable that peculiar facts in that case, which did not exist in the case at bar, may have made the instruction a proper one to have been given, independent of other general instructions as to the law to be applied in determining the question of sanity. But whether they did or not it will be noticed that the instruction in the Wreden case is very different from the one under consideration here. The giving of it would be in entire harmony and consonant with the right of the jury to take such statements into consideration in determining the question of sanity. The instruction there was open to no objection that it entirely limited the jury to a consideration only of the statements of the defendant as a circumstance tending to convict, ignoring them as a proper element to be taken into consideration in determining the question of sanity or insanity, while this apparent limitation and restriction on the right of the jury to consider it for that purpose is the particular vice of the instruction requested at bar.

This disposes of all the points made on appeal, and finding no error in the record, the judgment and order denying a new trial, which are appealed from, are affirmed.

Sloss, J., Henshaw, J., Angellotti, J., Shaw, J., and Hall, J., concurred.

NOTE.—Justice McFarland being unable to act, Justice Hall, one of the justices of the district court of appeal for the first appellate district, participates herein *pro tempore,* pursuant to section 4 of article VI of the constitution.