FRANK C. ANDERSEN V. STATE OF NEBRASKA
3 N. W. (2d) 447

FILED APRIL 17, 1942.   No. 31207.

*John N. Baldwin,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Herbert T. White, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is a criminal action wherein in the district court for Sarpy county, Nebraska, Frank C. Andersen, plaintiff in error, was charged in an information with the criminal offense of grand larceny. He was convicted by a jury and was sentenced to serve a term of 2½ years in the state penitentiary. From this conviction and sentence he has brought by petition in error the case to this court for review.

The seven errors assigned may be summarized into four propositions as follows: (1) The verdict is contrary to law, (2) the evidence is insufficient to sustain the verdict returned, (3) there was error in the rejection of evidence, and (4) the sentence is excessive.

The evidence summarized is substantially as follows: William F. Bavinger was the owner of a feed lot in Sarpy county, Nebraska. Soren Christian Jeppesen was the caretaker of the lot and lived in a house situated on the lot. Frank C. Andersen lived some distance northwest of Florence in Douglas county, Nebraska, where he was engaged on a small scale in farming, stock raising and feeding. He, with two sons, was also engaged in the business of trucking and grading.

On the evening of July 26, 1940, plaintiff in error with his wife, his son Clinton Frank Andersen, and two children, drove in one of his trucks to the feed lot of Bavinger, where they remained for perhaps two hours waiting for Jeppesen. Jeppesen failed to appear, so he and his son loaded onto the truck 8 sacks of wool, 5 sacks of oil meal, 2 sacks of molasses and hay, 1 sack of salt, 6 bales of hay, 60 bushels of corn and 2 bags of mineral, all of which was of the value between $60 and $70. Just as they were passing through the Bavinger gate they were apprehended and taken into custody by two private detectives from the Danbaum Detective Agency and the load taken in charge. Plaintiff in error and his son were lodged in jail for the night and the following morning were taken to the Danbaum agency office where each made a statement regarding the taking of the property described. The statements were in the form of questions and answers.

The questions were asked by Robert P. Samardick and the answers given by Frank C. Andersen and Clinton Frank Andersen, respectively. On the trial of the case the statements were admitted in evidence without objection. In his statement Frank C. Andersen admitted the theft of the property described and of a considerable amount of other property over a period of several months. As a witness on his own behalf at the trial, Frank C. Andersen admitted the taking of all of the property described in the statement, but stated that it was without any guilty knowledge on his part. He testified that the property was taken at the direction of Jeppesen and that he understood that it belonged to Jeppesen. He testified that he had an arrangement with Jeppesen whereby he was to feed some stock for Jeppesen who was to furnish the feed, and on sale the increase was to be divided, and that in pursuance of this arrangement he received the property taken from the Bavinger feed lot. He further testified that the arrangement was carried out, the stock fed and sold by him and that the check received on sale was delivered by him to Jeppesen. He offered the check, "exhibit 3," which is not in the bill of exceptions, in evidence. The check was rejected. Also, he testified that the property received after delivery of the check was in lieu of his share of the increase of the stock fed for Jeppesen.

On this basis plaintiff in error urges that the verdict and sentence are contrary to law and are supported by insufficient evidence, the theory apparently being that the *corpus delicti* of the crime was not proved by evidence independent of the statement of the plaintiff in error, and if otherwise, then he had not been proved guilty of grand larceny, but rather that the evidence tended to prove receiving stolen property.

That the *corpus delicti*, or the body or substance of the crime, which in its primary sense is the fact that a crime has actually been committed (23 C. J. S. 181, sec. 916), was proved by sufficient evidence is beyond question. The property in question of William F. Bavinger was taken and removed by trespass, that is, without the knowledge or consent

of Bavinger. This was sufficient as proof of *corpus delicti* without any proof of the identity of the taker. *Corpus delicti* may be proved by circumstantial evidence, but here it was proved by direct evidence, clear and specific. *Sullivan v. State,* 58 Neb. 796, 79 N. W. 721; *Morris v. State,* 109 Neb. 412, 191 N. W. 717.

The *corpus delicti* having been sufficiently proved, the confession alone was sufficient to prove Frank C. Andersen's connection with the criminal act. One may not be convicted of a felony upon his unsupported extrajudicial confession that a crime has been committed, but such confession may be sufficient to prove the defendant's connection with the criminal act. *Sullivan v. State, supra; Egbert v. State,* 113 Neb. 790, 205 N. W. 252. The confession does not stand alone in this case either as to *corpus delicti,* or as to the connection of the plaintiff in error with the crime.

No error was committed in the rejection of "exhibit 3." It has no value as evidence on any issue in this case.

The only other question is that of the severity of the sentence imposed. The record discloses that to the same information on which Frank C. Andersen was tried, Soren Christian Jeppesen pleaded guilty and was sentenced to serve a term of one year in the state penitentiary; also that Clinton Frank Andersen was tried and convicted and that the trial judge placed him on probation. Plaintiff in error claims that his sentence of 2½ years is excessive. It may also be said here that Jeppesen made restitution for all of the property which he had stolen from Bavinger. In the light of these circumstances and of the fact that the trial judge had all of the parties before him and was able to observe their conduct and demeanor, coupled with a probability that the background of the parties was inquired into before sentence, we are unable to say that there was an abuse of discretion in the imposition of a sentence of 2½ years.

Finding no error in the record, the conviction and sentence are

AFFIRMED.