**IDA MAE HAINES v. STATE OF FLORIDA**

27 So. (2nd) 414                                    June Term, 1946
October 8, 1946                                        Division A

*P. Guy Crews,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

The appellant, having been tried under an information charging her with the commission of the offense of murder in the second degree, was convicted of manslaughter and from judgment upon such conviction brings her appeal to this court.

Six questions are presented by appellant for our consideration. The first, second, third and fifth questions challenge the sufficiency of the evidence to support the verdict and judgment. We find from the record that the evidence was somewhat conflicting but there is ample evidence which, if believed by the jury, to warrant the verdict and support the judgment.

Question four challenges the admissibility of the confession made by appellant to several police officers soon after her arrest, which followed soon after the homicide was committed.

It is shown by the record that the statement constituting a confession was made by the appellant, was reduced to writing on typewriter, was read over to appellant and approved by her but was not signed.

The statement made by appellant was read to the court in the absence of the jury and the circumstances under which it was made were delineated by the witnesses. The court determined that the statement was voluntarily made and was admissible in evidence. After the statement was read to the jury by the police officer who conducted the examination of the appellant at the time the statement was made and the circumstances under which that statement was made by appellant were delineated to the jury.

There appears to have been no mistreatment or coercion of the appellant by the officers and the conclusion may be reasonably drawn from the record that the statement was freely and voluntarily made.

It is contended here that the statement was not properly admitted in evidence though it may have been admissible because it was merely read to the jury by the witness who in-

terrogated the appellant at the police station and the written statement was not offered in evidence. The record shows no objection made at the time to this method of introducing the statement and it was admitted without objection in this regard. We think this was equivalent to introducing the written document in evidence because the record shows that the document was read to the jury in the presence of the adverse party who had every opportunity to inspect it and object to it and who made no objection. See 23 C.J.S. 422, Criminal Law, Sec. 1035. Also see Robertson v. State, 94 Fla. 869, 114 So. 534. In fact, the testimony given by the appellant was sufficient to warrant the verdict. See Meyer v. State, 89 Fla. 261, 103 So. 630 and Smith v. State, 129 Fla. 388, 176 So. 506.

The sixth question is no more than a restatement of the other questions presented.

So the judgment should be, and is, affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.