959 P.2d 1138 (1998)
STATE of Washington, Respondent,
v.
Eddie DYSON, Appellant.
No. 39950-1-I.
Court of Appeals of Washington, Division 1.
June 22, 1998.
Publication Ordered August 7, 1998.
Shannon Marsh Brooke, Seattle, for Appellant.
Ann Marie Foershcler, Seattle, for Respondent.
*1139 PER CURIAM.
Eddie Dyson appeals the judgment and sentence entered following his jury conviction for promoting prostitution in the second degree. He contends the trial court erred in admitting statements he made to the undercover officer during negotiations for the sexual act. He maintains the statements were not corroborated by independent proof under the corpus delicti rule. Holding the corpus delicti rule is not applicable because Dyson's statements during the commission of the crime did not constitute a confession, we affirm.

Facts
Detective Lishner was working undercover in Seattle as a "John." He saw a woman named Maelynn Lane, who was standing on a street with Dyson. She approached when Lishner pulled his vehicle to the curb. She asked if she and her friend could have a ride. Lishner declined, saying he was looking for a "date." He testified that "date" is a common street term for a sexual act performed for money. Lane told Lishner to wait and went back to where Dyson was standing. After a few seconds, Dyson approached, asking Lishner what he was "looking for." Lishner replied he was looking for someone for sex. Dyson gestured at Lane, telling Lishner he could have sex with her. Lishner agreed, and Dyson motioned Lane back to the car. Then Dyson and Lane got into the car and Dyson again asked Lishner what he wanted. Lishner replied that he wanted a "screw." Dyson told him it would cost $50. Lane agreed.
Dyson then stated he wanted $20 for his services in obtaining Lane. Lishner asked if he could give him $20 and give $30 to Lane. Dyson stated Lishner must pay him $20 in addition to the $50 to Lane. Dyson also stated he could supply an apartment. When they reached agreement, Lishner signaled for back-up and the police arrested Dyson and Lane.
Before trial, Dyson moved to suppress the statements he made to Lishner on the street. He contended there was insufficient proof independent of the statements to establish the corpus delicti. The trial court ruled there was sufficient corroborating evidence of the corpus delicti to admit Dyson's statements. Dyson was convicted as charged and given a standard range sentence.

Decision
Under the corpus delicti rule, the court may not consider a defendant's confession unless the State has established the commission of the crime through independent proof.[1] The purpose of the doctrine is to prevent convictions based solely on false confessions.[2]
Dyson's argument is based on the premise that his statements to Lishner constituted a confession. This is incorrect. The statements were made as part of the crime itself.[3] Dyson cites no authority for the proposition that statements made during the course of the crime amount to a confession or admission. By definition, a confession is an expression of guilt as to a past act.[4] No such confession is involved in this case. The trial court did not err in admitting evidence of the statements.[5]
We affirm on the basis that the corpus delicti rule does not apply in this case because *1140 the defendant's statements made during the course of the crime did not constitute a confession.[6]
NOTES
[1] State v. Ray, 130 Wash.2d 673, 679, 926 P.2d 904 (1996).
[2] Ray, 130 Wash.2d at 680, 926 P.2d 904 (citing State v. Aten, 79 Wash.App. 79, 90, 900 P.2d 579 (1995)).
[3] Promotion of prostitution in the second degree is committed by advancing or profiting from prostitution. RCW 9A.88.080. Dyson's statements comprised negotiation and agreement for an act of prostitution. An agreement to cause the performance of prostitution is conduct designed to institute, aid or facilitate an act of prostitution and supports conviction under this statute. State v. Putnam, 31 Wash.App. 156, 160, 639 P.2d 858 (1982).
[4] See State v. Saltzman, 241 Iowa 1373, 1379-82, 44 N.W.2d 24, 27-28 (1950) (statements made as part of the res gestae of a crime are neither admissions nor confessions). See also Opper v. United States, 348 U.S. 84, 90, 75 S.Ct. 158, 99 L.Ed. 101, (1954) (explaining that admissions of essential facts of the crime "subsequent to the crime are of the same character as confessions," thus requiring corroboration) (emphasis added).
[5] A trial court may be affirmed on any basis supported by the record and the prevailing law. State v. Kelley, 64 Wash.App. 755, 764, 828 P.2d 1106 (1992).
[6] Cf. State v. Nelson, 74 Wash.App. 380, 874 P.2d 170 (1994) (pimp's admissions while in police detention after prostitute negotiated act with undercover officer admissible; prostitute's statements during negotiations provided sufficient independent evidence of corpus delicti of crime of promoting prostitution).