RONALD HENN, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

111 N. W. 2d 385

Filed October 27, 1961. No. 34974.

*Bernard Ptak,* for plaintiff in error.

*Clarence A. H. Meyer,* Attorney General, and *Dwain L. Jones,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is a criminal action in which the defendant, Ronald Henn, was charged with the crime of motor vehicle homicide, as defined by section 28-403.01, R. R. S. 1943. The jury found the defendant guilty and he was sentenced to serve 1 year in the State Reformatory. The defendant seeks a review of the case by petition in error.

It is provided by section 28-403.01, R. R. S. 1943, that whoever shall cause a death without malice while engaged in the unlawful operation of a motor vehicle shall be deemed guilty of the crime of motor vehicle homicide. The State specified the following acts as constituting the unlawful operation of defendant's automobile which resulted in the deaths of Leonard Bahm and Helen Bahm: (1) By driving his automobile at an excessively high rate of speed under the existing circumstances, (2) by failing to keep a proper lookout and in driving his automobile into the rear of the automobile of the deceased, (3) by driving his automobile at a rate of speed in excess of the lawful and posted rate, and (4) by driving his automobile in such a manner as to indicate a willful and wanton disregard for the safety of persons and property on the highway. It is the sole contention of defendant that the evidence of the State is insufficient to sustain a verdict and that the trial court erred in not sustaining defendant's motion for a directed verdict.

The accident occurred on October 31, 1959, near the entrance to Ta-Ha-Zouka Park on U. S. Highway No.

81 south of Norfolk. The exact locale of the accident is not set forth in the record but we infer from the evidence that it is about 2 miles south from the center of the city of Norfolk and approximately ½ mile south of the viaduct south of that city. It was stipulated that the speed limit over the highway involved was 45 miles per hour, and properly so posted. The highway from the foot of the viaduct to the park entrance and beyond was a level, 24-foot, blacktop road. The entrance to the park was on the east side of the highway. The south side of the driveway into the park was lined with guard posts, beyond which is a body of water referred to in the record as the park lagoon.

At about 7:30 p.m. on the day in question, defendant, accompanied by two other young men, drove his automobile south over the viaduct on U. S. Highway No. 81. Close to the entrance to the park defendant's automobile collided with something on the highway which was later determined to be the automobile of the Bahms. Defendant's automobile went into the ditch on the left side of the road and lodged in the park fence. From the point of impact to the point where defendant's car left the blacktop was 43 feet as shown by skid marks. Defendant's car left skid marks for a distance of 94 feet north of the point of impact. The three young men riding in the car were injured and were unable to state what they had struck or what had actually happened. The front end of defendant's car suffered great damage, indicating that it had hit something head-on with great force.

Two gouge marks in the south-bound traffic lane were determined to be the point of impact. It was 315 feet from the gouge marks to where defendant's car came to rest after the accident. In the attempt to find with what defendant's car had collided, skid marks leading across the park entrance to the guard posts were discovered. One guard post was down and another bent. Approximately 2 hours after the accident the automo-

bile of the Bahms was found completely submerged in the lagoon about 50 feet from the bank. A wrecker removed the automobile from the lagoon and the bodies of Leonard and Helen Bahm were found therein. The rear end of the Bahm car was badly damaged by a force applied to its rear. All the circumstances indicate that the Bahm car was struck in the rear by the defendant's car.

There is evidence in the record by Mrs. Harry Tiedtke that she was driving south on the downward side of the viaduct just prior to the accident. A light green car passed her on the viaduct at a speed she estimated at 75 miles per hour. She saw the car by its lights until it veered from the road at the point of the accident. While her testimony was somewhat impeached by the testimony she gave at the inquest and preliminary hearing, her credibility was for the jury. Her evidence as to speed and the nature of the damage to the two cars involved in the collision, together with the circumstances adduced, were sufficient to go to the jury on the question of speed. See, Rimpley v. State, 169 Neb. 171, 98 N. W. 2d 868; Olney v. State, 169 Neb. 717, 100 N. W. 2d 838.

It is the contention of the defendant that the proof is largely circumstantial and insufficient to bring the case within the rule stated in Rimpley v. State, *supra,* as follows: "To justify a conviction on circumstantial evidence, it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and, when taken together must be of .such a character as to be consistent with each other and with the hypothesis sought to be established thereby and inconsistent with any reasonable hypothesis of innocence."

The defendant relies upon certain statements adduced on cross-examination to establish a theory inconsistent with a reasonable hypothesis of guilt. The evidence shows that the Bahm car when taken from the water had serious front-end damage. The defendant contends that

the damage to the front end was such that it indicated a front-end collision with the rear of a truck or trailer of a type in common use. The investigating highway patrolman stated that the damage indicates it could possibly have been caused by running into such a vehicle. On cross-examination he was permitted to state that in his opinion the damage was caused when the Bahm car plunged into the lagoon. We point out that there is no evidence that such a truck or trailer was in the neighborhood when the accident occurred, nor was there any evidence that the front-end damage to the Bahm car was not incurred prior to this accident and that the car was being driven in its damaged condition. There is no evidence that if the Bahm car was driven into such a truck or trailer in a head-on collision it would result in the car plunging into the lagoon, nor is there any evidence as to what defendant's car struck if the assumptions advanced by the defendant are correct. The contention of the defendant is based on pure speculation and conjecture. It does not support a reasonable hypothesis of defendant's innocence. While it was admissible as tending to create doubt in the minds of the jury as to the guilt of the defendant, it does not create such a doubt as a matter of law under the circumstantial evidence rule hereinbefore stated. The question was one for the jury.

The defendant contends also that there was no evidence to prove the corpus delicti. It is the rule of course that the corpus delicti must be established by evidence beyond a reasonable doubt. It may be proved either by direct or circumstantial evidence. The corpus delicti is defined as the body or substance of a crime, the fact that a crime has been committed without regard to the identity of the person committing it. Andersen v. State, 141 Neb. 306, 3 N. W. 2d 447. The evidence shows that the Bahm car came to rest in the lagoon a considerable distance south of defendant's car. The skid marks on the pavement point in the direction of

the defendant's car and the Bahm automobile. The rear-end damage to the Bahm car and the front-end damage to defendant's car, when considered in connection with the skid marks on the pavement and the location of the cars after the accident, establish that defendant's car hit the rear end of the Bahm car. When tested, after the Bahm car was taken from the water, its lights were found to have been on and operating, indicating that they were on and operating before the collision. A bumper guard was found at the scene of the accident which was later discovered to have come off the Bahm car. The evidence is sufficient to sustain a finding by the jury that defendant drove his automobile at an excessive rate of speed into the rear of the Bahm car, causing it to plunge into the lagoon and resulting in the deaths of Leonard and Helen Bahm. From this the jury could find that the corpus delicti was established.

The defendant offered no evidence in the case. The transcript does not contain the instructions of the court pursuant to the direction of defendant that they be omitted. We must assume that they were in all respects correct and that there was evidence to support them. The case was for the jury and, there being sufficient evidence in the record to support the verdict of guilty, a judgment of affirmance is required.

AFFIRMED.